* * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing parties have not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Houser.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as a matter of law the following, which were entered into by the parties at the hearing before Deputy Commissioner Houser and in a Pre-Trial Agreement, which was admitted into the record and marked as Stipulated Exhibit (1):
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employee-employer relationship existed between the plaintiff-employee and defendant-employer.
3. The carrier liable on the risk is correctly named above.
4. Plaintiff's average weekly wage at the time of the injury was $346.15, which results in a compensation rate of $230.78.
5. Plaintiff sustained an injury on or about October 4, 2000, with the exact date to be determined by the Industrial Commission.
6. Plaintiff's injury arose out of and in the course of employment and is compensable.
7. Plaintiff is entitled to ongoing medical treatment as the result of his compensable injury of October 4, 2000.
8. At and subsequent to the hearing before Deputy Commissioner Houser, the parties submitted the following:
 a. A Packet of Medical Records, which was admitted into the record, and marked as Stipulated Exhibit (2);
 b. A Packet of Industrial Commission Forms, which was admitted into the record, and marked as Stipulated Exhibit (3), and
 c. A Packet of Various Documents which included a Job Description, Correspondence dated July 2, 2002, Minutes of a Museum Foundation Meeting, and a Disability Application, which was admitted into the record, and marked as Stipulated Exhibit (4).
9. The issue to be determined is whether plaintiff is entitled to total disability compensation for the period of October 16, 2001, through May 1, 2002.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before Deputy Commissioner Houser, plaintiff was forty-seven (47) years of age. Plaintiff is a high school graduate, and has taken some college classes.
2. Plaintiff began his employment with defendant-employer in July 2000 as a theater technician. In that capacity, plaintiff's duties required him to operate a movie projector and show movies to an audience, collect tickets from audience members, and perform maintenance within the theater. Plaintiff was required to show six to eight (6-8) movies each day. The performance of his duties required plaintiff to climb a flight of approximately twenty (20) stairs to the projection room for each of the six to eight (6-8) movies. After starting the movie, plaintiff would descend the stairs to collect more tickets from late arriving patrons or interact with museum guests. When the movies were finished, plaintiff ascended the stairs again, back to the projection room.
3. On October 4, 2000, plaintiff sustained an admittedly compensable injury by accident when he fell from a ladder while performing maintenance on a projector. Plaintiff fell approximately fifteen (15) feet, hitting his head and elbow on a seat and hitting his right ankle on a platform. Following this incident, plaintiff was transported by ambulance to Womack Army Hospital where he was diagnosed as having sustained a right ankle pillon fracture. On October 5, 2000, plaintiff underwent a surgical procedure to repair the pillon fracture and, on October 16, 2000, underwent an ankle fixation surgical procedure.
4. Plaintiff's injury was accepted by defendants as being compensable through the filing of an Industrial Commission Form 60. Pursuant to this Form 60, defendants began paying indemnity compensation to plaintiff, as well as providing his medical care. Defendants later also filed an Industrial Commission Form 21 Agreement for Compensation for payment of permanent partial disability compensation for plaintiff's right foot. This Form 21 was completed on August 24, 2001.
5. On January 10, 2001, plaintiff began treatment with Dr. Stephen Kouba for ongoing care related to his injury. On that date, plaintiff had a markedly swollen ankle and limited motion, and x-rays revealed that the fracture was healing and that the hardware was in place. In his deposition, Dr. Kouba testified, and the Full Commission finds as fact, that plaintiff's ankle fracture was a pulverizing type fracture involving the ankle joint, which typically results in the patient developing severe arthritis. On January 19, 2001, Dr. Kouba wrote a "Work Status" note releasing plaintiff to light duty and sit-down work. Plaintiff returned to Dr. Kouba on February 7, 2001, at which time his condition was essentially unchanged. Dr. Kouba recommended that plaintiff continue treatment with Motrin and strengthening exercises.
6. Plaintiff returned to work with defendant-employer in February 2001. Plaintiff worked a reduced schedule, and his duties were modified to correspond with Dr. Kouba's work restrictions assigned on January 19, 2001. Plaintiff continued to work in this light duty capacity into April 2001. On April 6, 2001, plaintiff again returned to Dr. Kouba and was assigned permanent work restrictions of no running, no repetitive squatting, no climbing over four feet, no working aloft, and no prolonged standing. However, while the restriction from prolonged standing was included in plaintiff's medical records, which were appropriately provided to defendants, Dr. Kouba mistakenly omitted that restriction from the work note provided to defendants. Accordingly, Ms. Sandy Klotz, plaintiff's supervisor, was not aware of plaintiff's restriction of no prolonged standing.
7. Subsequent to being assigned these permanent restrictions, plaintiff returned to work with defendant-employer on April 18, 2001. Defendants filed an Industrial Commission Form 28 on July 18, 2001, indicating that plaintiff had returned to work on April 18, 2001, at his pre-injury wage level and that his benefits had been terminated accordingly. Despite his restrictions, plaintiff performed the same duties upon returning to work that he had had prior to his accident. However, plaintiff experienced difficulty walking, and had to use a cane to ambulate. As time passed, plaintiff's condition did not improve and his ankle pain, coupled with migraine headaches exacerbated due to the noise of the simulator, resulted in plaintiff resigning his position with defendant-employer effective October 15, 2001. Plaintiff testified, and the Full Commission finds as fact, that were not for plaintiff's intense ankle pain and the migraines, plaintiff would have continued to work for defendant-employer.
8. When plaintiff informed Ms. Klotz that he would be resigning, he was not offered any other type of employment by defendant-employer. Ms. Klotz acknowledged that plaintiff was a good employee and that she did not want to accept his resignation. Ms. Klotz further acknowledged that plaintiff was in fact eligible for rehire, but that defendant-employer did not have any other positions available for plaintiff at the time he resigned.
9. Although testimony was elicited from Dr. Kouba to the effect that the job duties required of plaintiff as a theater technician were within the physical restrictions he assigned in April 2001, that testimony is inconsistent with other testimony by Dr. Kouba that plaintiff "could probably go up and down a flight of stairs maybe once a shift." Given the apparently contradictory testimony by Dr. Kouba, the Full Commission gives limited weight to his opinion regarding the suitability of the job plaintiff returned to on April 18, 2001.
10. Based upon the totality of the credible lay and medical evidence of record, the position to which plaintiff returned on April 18, 2001, was not suitable given the required amount of stair climbing and the worsening condition of plaintiff's right ankle. Accordingly, plaintiff's effort to continue working constituted an unsuccessful trial return to work.
11. As the result of his October 4, 2000, injury by accident, plaintiff was unable to earn any wages in his former position with defendant-employer or in any employment for the period of October 16, 2001, through May 1, 2002.
12. On May 2, 2002, defendants reinstated plaintiff's ongoing total disability compensation. This was based on Dr. Kouba's evaluation and recommendation for further surgery, which plaintiff eventually underwent. As of the date of the closing of the record in this matter, plaintiff was not working in any capacity. Additonally as of that date, defendants were paying plaintiff ongoing total disability compensation benefits and directing his medical care.
 * * * * * * * * * * *
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On October 4, 2000, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. §97-2(6).
2. Although defendants filed a Form 28 upon plaintiff returning to work, the proper form to file under the facts of this case would be an Industrial Commission Form 28T, as this was a trial return to work situation under N.C. Gen. Stat. § 97-32.1 and Rule 404A of the Workers' Compensation Rules of the North Carolina Industrial Commission.
3. Plaintiff's release to return to work was not the equivalent of a finding that he was able to earn the same wages earned prior to his injury, nor did it automatically deprive him of the benefit of the presumption of continuing disability. Because the true test of whether plaintiff was disabled was his capacity to earn wages, the mere fact that plaintiff returned to work is insufficient to rebut the presumption of continuing disability. This is true even though plaintiff returned to work at his pre-injury wage level, given that the Act provides that an employee may attempt a trial return to work for a period not to exceed nine months without losing the right to continuing compensation. N.C. Gen. Stat. § 97-32.1; Stamey v. NorthCarolina Self-Insurance Guar. Ass'n, 131 N.C.App. 662, 665-66,507 S.E.2d 596, 599 (1998).
4. At the time of his resignation, plaintiff was still within his statutory trial return to work period. N.C. Gen. Stat. §97-32.1.
5. The position to which plaintiff returned on April 18, 2001, was not suitable given the required amount of stair climbing and the worsening condition of plaintiff's right ankle. N.C. Gen. Stat. § 97-32. Accordingly, plaintiff's effort to continue working constituted an unsuccessful trial return to work. N.C. Gen. Stat. § 97-32.1.
6. As the result of his October 4, 2000, injury by accident, plaintiff is entitled to be paid by defendants total disability compensation at the rate of $230.78 per week for the period of October 15, 2001, through May 1, 2002. N.C. Gen. Stat. § 97-29.
7. After careful review of the arguments presented by both parties in this case, the Full Commission concludes that defendants have not defended this case unreasonably to a level warranting the sanctions sought by plaintiff and available under N.C. Gen. Stat. § 88.1.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay to plaintiff total disability compensation at the rate of $230.78 per week for the period of October 15, 2001, through May 1, 2002. This compensation, having accrued, shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved herein.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded herein is approved for counsel for plaintiff. The compensation having accrued, this fee shall be deducted from the amount due plaintiff and paid by defendants directly to counsel for plaintiff.
3. Defendants shall pay the costs.
This 31st day of January, 2006.
S/______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/______________ PAMELA T. YOUNG COMMISSIONER
DISSENTING:
S/______________ BUCK LATTIMORE CHAIRMAN